IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ALLEN LANARD MCGRIFF,

      Petitioner,

v.

JULIE L. JONES, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4326

Opinion filed November 5, 2015.

Petition for Writ of Certiorari – Original Jurisdiction.

Allen Lanard McGriff, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kenneth S. Steely, General Counsel, Florida Department of Corrections, Tallahassee, for Respondent.


PER CURIAM.

      Upon consideration of petitioner's response to the Court's order of October 9, 2015, the Court has determined that its jurisdiction to review the lower tribunal's Order Denying Petition for Writ of Habeas Corpus was not timely invoked.

      The order was filed with the lower tribunal on July 6, 2015. Petitioner's motion for rehearing, filed pursuant to the mailbox rule on July 29, 2015, was untimely. Fla. R. Civ. P. 1.530(b). The motion therefore failed to delay rendition of the underlying

Order Denying Petition for Writ of Habeas Corpus. Fla. R. App. P. 9.020(i). As a result, the order was rendered on July 6, 2015. In order to invoke the district court's jurisdiction in a timely manner, a petition for writ of certiorari must be filed within 30 days of rendition of the order on review. Fla. R. App. P. 9.100(c)(1). Here, the petition for writ of certiorari was filed more than 30 days after rendition of the order to be reviewed, and therefore failed to invoke the Court's jurisdiction in a timely manner. Accordingly, the petition is dismissed.

BENTON, RAY, and OSTERHAUS, JJ., CONCUR.